[No. 11657-6-I.   Division One.   January 23, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. CHARLES MARTINEZ JACKSON, *Appellant.*

*Charles Martinez Jackson,* pro se, and *Nancy Talner* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Linda Walton, Deputy,* for respondent.

DURHAM, C.J.—Charles Jackson appeals his judgment and sentence on one count of indecent liberties and one count of second degree rape. He contends the trial court erred in admitting evidence of an assault that occurred in 1974.

On August 31, 1981, 12–year–old Kim was walking home from school when a man came up behind her, put his hand over her mouth, and carried her into the woods. He wrapped a cloth around her eyes, punched her in the stomach and engaged in sexual intercourse with her. The man was not immediately apprehended.

On September 14, 1981, Suzanne, 14 years old, was walking home from school when a man grabbed her from behind and put his hand over her mouth. He put his other hand on her lower abdomen and vigorously moved his hips back and forth against her. A neighbor who witnessed the incident, yelled at the man and scared him away. Jackson was

apprehended a short distance from the scene, in a cul–de–sac where he had parked his car. The neighbor identified Jackson as the man he had seen "hunching" Suzanne.

Police arrested Jackson and charged him with taking indecent liberties with Suzanne. Subsequently, Jackson was also charged with the second degree rape of Kim. Kim later identified Jackson in court.

Prior to trial, Jackson moved to suppress testimony regarding a 1974 incident in which he assaulted Cheryl,[1] then age 13. Cheryl had been walking home from school in West Seattle when she was grabbed from behind and pulled into an alley near her home. The assailant's car was parked nearby. The assailant let Cheryl go after she screamed and a neighbor drove by.

In support of the motion to suppress, Jackson argued that the 1974 incident was not sufficiently similar to the charged crimes to meet the requirements of ER 404(b). The prosecution argued that evidence of the incident was relevant to prove identity with respect to the rape of Kim (count 2) and absence of mistake or accident with respect to the incident involving Suzanne (count 1). The trial court denied the motion to suppress, and Cheryl testified regarding the 1974 assault at the end of the State's case in chief. However, the court did not indicate on what theory it admitted this evidence. Nor did the court instruct the jury regarding the purpose for which the evidence was being admitted at the time of Cheryl's testimony.

At trial, Jackson raised an alibi defense as to the rape charge. With respect to the indecent liberties charge, Jackson argued that he reached out to put his hand on Suzanne's shoulder so he could speak with her, but mistakenly put his hand over her mouth. He asserted that he thought Suzanne had made a derogatory remark to him, and that his intention was only to find out what she had said.

■ Jackson first contends that the trial court erred

---

[1] Although Jackson was convicted of the assault, the conviction itself was not brought out.

because it did not rule on the record that the probative value of the prior incident outweighed its prejudicial effect. We disagree. A helpful analogy is found in the requirements for admitting prior felony convictions for impeachment purposes pursuant to ER 609. Although ER 609 also requires the court to balance probative value against prejudicial effect, it is not mandatory that the trial court state its reasons for admitting the evidence. *See State v. Thompson,* 95 Wn.2d 888, 893, 632 P.2d 50 (1981). The record need only reflect adequate consideration of the potential for prejudice in light of its probative value. *Thompson,* at 891–93; *State v. Anderson,* 31 Wn. App. 352, 641 P.2d 728 (1982).[2] At the pretrial hearing, counsel submitted briefs on the issue which the court acknowledged reading. The parties also presented oral argument. We conclude that the record reflects full consideration of the parties' positions, the value of the evidence and the potential for prejudice.

Appellant next contends that it was error to admit evidence of the 1974 assault under ER 404(b). Insofar as the evidence was admitted as being relevant in connection with the indecent liberties charge, appellant is mistaken. ER 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive,

---

[2]*State v. Tharp,* 96 Wn.2d 591, 637 P.2d 961 (1981) is not to the contrary. *Tharp* held that evidence is improperly admitted under ER 404(b) unless the trial court consciously determines on the record that its probative value outweighs its prejudice. *Tharp,* at 597. *Tharp* relied exclusively on *State v. Alexis,* 95 Wn.2d 15, 621 P.2d 1269 (1980) to support this position. *Alexis* held only that trial courts must balance the probative value against the prejudice created by evidence sought to be admitted for impeachment purposes under ER 609(a)(1). The court said nothing about whether the trial court should state its reasons on the record. That question was answered in the negative by *State v. Thompson,* 95 Wn.2d 888, 632 P.2d 50 (1981), discussed above. The court in *Tharp,* however, did not consider *Thompson* in rendering its decision. Accordingly, we are not persuaded that *Tharp* sets forth a different standard for trial courts when considering evidence offered under ER 404(b) than under ER 609(a)(1).

opportunity, intent, preparation, plan, knowledge, identity, *or absence of mistake or accident.*

(Italics ours.) Here, Jackson's intent was placed directly in issue with respect to the indecent liberties charge. Jackson testified that he mistakenly put his hand on Suzanne's mouth. He said that he thought she had called him a derogatory name, and that his only intention was to find out what she had said. Evidence of Jackson's 1974 assault tends to negate that his touching of Suzanne was merely accidental. *See State v. Bouchard,* 31 Wn. App. 381, 384–85, 639 P.2d 761 (1982).

■ The relevance of the 1974 assault with respect to Jackson's identity as to the rape charge is more problematic. Admittedly, points of similarity between charged and prior crimes are admissible to prove the identity of the perpetrator of the charged crime. *See State v. Goebel,* 40 Wn.2d 18, 22–23, 240 P.2d 251 (1952). Because Jackson denied being at the rape scene, identity was clearly in issue. However, when identity is sought to be established based on the factual similarity of a prior crime, a very high degree of similarity is required. As we stated in *State v. Irving,* 24 Wn. App. 370, 601 P.2d 954 (1979):

> Mere similarity of crimes will not justify the introduction of other criminal acts under the rule. There must be something distinctive or unusual in the means employed in such crimes and the crime charged.

*Irving,* at 374, quoting 5 R. Meisenholder, Wash. Prac. § 4, at 13 (1965). *Accord, State v. Fernandez,* 28 Wn. App. 944, 950, 628 P.2d 818, 640 P.2d 731 (1980).

In denying Jackson's motion to suppress, the trial court referred to *five* points of similarity: (1) the victims were all young girls, (2) the attacks occurred in close proximity to schools at a time when the victims were walking home, (3) all three girls were grabbed from behind, (4) Jackson's car was hidden from view and facing outward seemingly in order to permit a speedy departure, and (5) two of the girls were dragged some distance. We are unable to see how these similarities render the 1974 assault sufficiently proba-

tive of Jackson's identity as Kim's rapist. Even assuming, as the State contends, that a "signature" crime is unnecessary, the similarities outlined above nonetheless fail to reveal anything particularly distinctive or unusual about the means employed by Jackson in committing the 1974 assault and the rape of Kim. Most of these characteristics seem typical of the methods used in numerous sex crimes committed against young girls.[3]

■ Even if we were to concede that the 1974 assault was marginally relevant, the probative value of the incident was outweighed by the potential for undue prejudice. The Washington Supreme Court has recently admonished that

> A careful and methodical consideration of relevance, and an intelligent weighing of potential prejudice against probative value is particularly important in sex cases, where the prejudice potential of prior acts is at its highest.

*State v. Saltarelli,* 98 Wn.2d 358, 363, 655 P.2d 697 (1982). We conclude that evidence of the 1974 assault was erroneously admitted for the purpose of establishing Jackson's identity as Kim's rapist.

■ However, because the admission of this evidence was harmless error, we decline to reverse. Error that is not of constitutional magnitude warrants reversal only if there is a reasonable probability that the outcome of the trial would have been materially different had the error not occurred. *State v. Robtoy,* 98 Wn.2d 30, 44, 653 P.2d 284 (1982). We cannot say that such a probability existed here because Kim clearly identified Jackson as her assailant at trial. Under these circumstances, it is hardly probable that the outcome would have differed had the jury not been made aware of the 1974 assault.

■■ Jackson has also submitted a pro se brief in which he presents 25 questions for our consideration. His ques-

---

[3]Moreover, the trial court was incorrect in assuming that each of the five points of similarity was common to both the rape and indecent liberties charge. As to the rape charge, there was no evidence that Jackson's car was facing outward to permit a quick escape.

tions concerning the admission of evidence of the 1974 assault have been thoroughly discussed above. The other issues presented are without merit for one or more of the following reasons:

1. The record is devoid of evidence to substantiate Jackson's contention. The party seeking review has the burden of perfecting the record so that this court has before it all evidence relevant to the issue. RAP 9.2(b).

2. The objection was not preserved at trial. No error can be based on the admission of evidence not objected to at the time it was admitted. *Knust v. Bullock,* 59 Wash. 141, 143, 109 P. 329 (1910).

3. Jackson fails to support his contentions with authority as required before this court will consider the argument. *Transamerica Ins. Group v. United Pac. Ins. Co.,* 92 Wn.2d 21, 28, 593 P.2d 156 (1979); *In re Eggers,* 30 Wn. App. 867, 869, 638 P.2d 1267 (1982).

The judgment and sentence is affirmed.

CALLOW and SCHOLFIELD, JJ., concur.

Review granted by Supreme Court April 6, 1984.