[No. 9440-5-III.   Division Three.   February 15, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. EVERETT
LAVERNE SMITH, *Appellant.*

*Paul Wasson,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Neil Korbas, Deputy,* for respondent.

MUNSON, C.J.—Everett Smith appeals his conviction for first degree statutory rape and indecent liberties. He assigns error to (1) three evidentiary rulings, (2) one jury instruction, and (3) denial of his motion to dismiss for insufficient evidence. We affirm the statutory rape conviction and reverse and remand the indecent liberties conviction.

The appellant is the 51–year–old father of Edward L. Smith. Edward L. Smith and Teresa Gooch are the parents of 4–year–old E. L is the 7–year–old daughter of Teresa Gooch and her former husband, David. Prior to July 1987, Teresa and Edward took their children, E and L, to visit the appellant about twice a month. On some of these occasions, L spent the night at the appellant's home.

L frequently visited her maternal grandmother, who lived near Teresa and her children. During one such visit, in July 1987, L was playing with her cousin, Tony, and told him she did not want to go to the appellant's house because he did nasty things to her. Tony told the grandmother about this. She immediately took L to Teresa and indicated

L had something to tell her. Teresa talked with L, who described sexual activity that had occurred during her visits with the appellant.

Teresa reported the matter to the police. The appellant was charged with one count of statutory rape and one count of indecent liberties. A jury found him guilty on both counts.

■ First, the appellant contends the court erred in permitting the grandmother to testify about statements Tony made to her, relating what L had said to him, because the testimony contained double hearsay. A statement, not offered to prove the truth of the matter asserted, is not hearsay. ER 801(c). *See State v. Stubsjoen,* 48 Wn. App. 139, 147, 738 P.2d 306, *review denied,* 108 Wn.2d 1033 (1987). The State argued the grandmother should be permitted to testify about L's statements which were related to her by Tony "merely to show how [the grandmother] acted in reference to those." So long as the testimony was used solely for this purpose it was not hearsay. The jury was instructed not to consider Tony's statements as evidence. *See State v. Barr,* 9 Wn. App. 891, 515 P.2d 840 (1973). The decision to admit evidence is within the sound discretion of the trial court. *Stubsjoen,* at 147. The court did not abuse its discretion.

Second, the appellant contends the trial court erred in admitting evidence of his prior conviction for unlawful issuance of a bank check for impeachment purposes.

■ Evidence of a prior conviction is admissible if it "involved dishonesty or false statement . . .". ER 609(a)(2). The taking of another's property by theft involves dishonesty; theft crimes are per se admissible for impeachment purposes under ER 609(a)(2). *State v. Brown,* 113 Wn.2d 520, 553, 782 P.2d 1013 (1989). The crime of unlawful issuance of a bank check contains as one of its elements intent to defraud. That intent involves dishonesty, which brings the prior conviction within ER 609(a)(2). The evidence was properly admitted.

Third, the appellant contends the investigating officer should not have been permitted to testify before the jury about L's capacity for truthfulness, her credibility being an issue for the jury. Detective D.A. Routt testified he had given L a test used to find out whether a child is able to distinguish between telling the truth and a lie and whether the child understands the importance of telling the truth. He gave his opinion that she "did extremely well on the test . . .".

■ Once the judge has determined a witness is competent to testify, the extent to which the witness has the capacity to observe, recollect, and communicate is a matter for the jury to decide. *State v. Froehlich,* 96 Wn.2d 301, 307, 635 P.2d 127 (1981). The rules of evidence permit the credibility of a witness to be supported by evidence of his reputation for truthfulness, but do not authorize evidence of character in the form of an opinion. ER 608(a)(1); *State v. Maule,* 35 Wn. App. 287, 297, 667 P.2d 96 (1983). Moreover, evidence to support the credibility of a witness is admissible only after the witness' reputation for truthfulness has been attacked. ER 608(a)(2). *Cf. Froehlich,* at 306.

The trial court determined L was competent to testify. The only evidence which potentially raised an issue of credibility was her teacher's testimony that L was of below average intelligence. This testimony was elicited by the prosecution. The State fully explored L's ability to distinguish truth from falsehood and her understanding of the need to testify truthfully. The defense did not attack her credibility during cross examination. However, no objection was made to either the teacher's or the detective's testimony, and we would not ordinarily consider an evidentiary issue first raised on appeal. *State v. Jackson,* 36 Wn. App. 510, 516, 676 P.2d 517, *aff'd,* 102 Wn.2d 689, 689 P.2d 76 (1984). We address the issue only because of our determination that the jury instruction issue will require a new trial. On remand, this portion of the detective's testimony should not be admitted.

The appellant contends the trial court erred in giving jury instruction 13, which reads:

> You are instructed that motive or intent is not an element of the crime of indecent liberties. The doing of the inhibited act constitutes the crime.

He argues that under this instruction the jury could convict without finding the mental state required by the indecent liberties statute, RCW 9A.44.100.

■ No objection was made to this instruction at trial. Failure to object generally precludes appellate review of jury instructions. *State v. Scott,* 110 Wn.2d 682, 685–86, 757 P.2d 492 (1988). Instructional errors of constitutional magnitude may, however, be challenged for the first time on review. The requirement that the jury be instructed as to each element of the offense charged is a constitutional one. We consider the appellant's challenge in that context. *See Scott,* at 689; *State v. McHenry,* 88 Wn.2d 211, 214, 558 P.2d 188 (1977).

■ Under the former indecent liberties statute, RCW 9.79.080, intent was not an element of the offense. *See State v. Price,* 17 Wn. App. 247, 562 P.2d 256 (1977). That statute was repealed by Laws of 1975, 1st Ex. Sess., ch. 260. The appellant was charged under the statute as it existed in 1987. RCW 9A.44.100. Intent is an element of the present indecent liberties statute under which he was convicted:

> A person is guilty of indecent liberties when he knowingly causes another person who is not his spouse to have sexual contact with him or another:

RCW 9A.44.100(1).[1]

> "Sexual contact" means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party.

Former RCW 9A.44.100(2)(a).[2]

---

[1] RCW 9A.44.100 was amended by Laws of 1988, ch. 146, § 2. The quoted language remains unchanged.

[2] This definition now appears in RCW 9A.44.010(2).

A person acts with intent or intentionally when he acts with the objective or purpose to accomplish a result which constitutes a crime.

RCW 9A.08.010(1)(a). By defining indecent liberties in terms of touching "for the purpose of gratifying sexual desire", the Legislature has made motive or intent an element of the crime.

Although the jury was given an instruction correctly defining the term "sexual contact", that instruction was immediately followed by the instruction challenged here which, in effect, permitted conviction upon doing the "inhibited act",[3] *i.e.,* without finding the touching was done for the purpose of gratifying sexual desire. The giving of such an instruction is error. *See State v. Allen,* 101 Wn.2d 355, 358, 678 P.2d 798 (1984).

■ Failure to instruct the jury as to the intent element of a crime may be harmless error, but only if the defense theory of the case does not involve the element of intent (for example, misidentification). *State v. Tyler,* 47 Wn. App. 648, 653, 736 P.2d 1090 (1987). We cannot say that an instruction which permitted the jury to find the appellant guilty of indecent liberties without considering whether his actions were for the purpose of sexual gratification was harmless.

■ Finally, the appellant contends the trial court erroneously denied his motion to dismiss, at the close of the State's case, for insufficient evidence. Since he elected to present evidence on his own behalf, he cannot now challenge denial of his motion. *State v. Ramirez,* 46 Wn. App. 223, 225, 730 P.2d 98 (1986). This assignment of error may be treated as a challenge to the sufficiency of the evidence as a whole. *See Ramirez,* at 225. Because the instruction relating to indecent liberties requires reversal of that conviction, we consider only the sufficiency of the evidence to support the statutory rape charge.

---

[3] *Webster's Third New International Dictionary* 1163 (1969) defines "inhibit": "to prohibit from doing something : FORBID, INTERDICT".

■ The evidence of a crime is sufficient if, viewed in a light most favorable to the State, a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980).

The appellant was convicted of first degree statutory rape under former RCW 9A.44.070, repealed by Laws of 1988, ch. 145, § 24, effective July 1, 1988. Proof that a person over 13 years old has sexual intercourse with a person under 11 years old establishes commission of the crime. Sexual intercourse is defined to include "any act of sexual contact between persons involving the sex organs of one person and the mouth or anus of another . . .". RCW 9A.44.010(1)(c). L testified the appellant made her touch his penis with her mouth. She indicated he put his penis inside her mouth. This evidence is sufficient to permit a rational trier of fact to find he had sexual intercourse with L.

The statutory rape conviction is affirmed. The indecent liberties conviction is reversed and remanded for a new trial.

GREEN and SHIELDS, JJ., concur.