[No. 26941-1-I.   Division One.   April 13, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. ARTURO ROMA CHAVEZ, *Appellant*.

*Elaine Winters* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Randall Yates, Deputy,* for respondent.

WEBSTER, A.C.J. — Arturo Roma Chavez pleaded guilty to one count of a violation of the Uniform Controlled Substances Act, RCW 69.50.401(a). The trial court determined Chavez's sentence based in part on prior Oregon convictions under a number of aliases. Chavez asserts that the trial court erred in holding that the State proved prima facie that he was the person named in the Oregon convictions. He also asserts that the trial court erred in shifting to him the burden of rebutting the identification by declaring under oath that he was not the person named in the prior convictions. We affirm.

## FACTS

Chavez pleaded guilty to one count of delivery of heroin on the condition that the State refrain from filing an additional charge and recommend the low end of the standard range. The defense counsel disputed the criminal history recited by the State, which included two felony convictions from Oregon.

At Chavez's sentencing on August 24, 1990, the State presented to the court as proof of Chavez's prior crimes the

following: (1) a King County judgment and sentence for the crime of delivery of cocaine, which listed the defendant's name as "Arturo Rodriguez Rojo"; (2) a certified copy of a judgment and sentence from Deschutes County, Oregon, for the crime of escape in the second degree, which listed the defendant's name as "Arturo Mendivil Chavez"; and (3) a certified sentence order from Umatilla County, Oregon, for the crime of robbery in the first degree, which listed the defendant's name as "Arturo Chavez Mendivial". In addition, the State submitted a copy of a Washington State Identification Section (WASIS) sheet, which listed the 11 various aliases of Chavez. The names found on the King County conviction for delivery of cocaine and the sentence order from Umatilla County, Oregon, were listed on the WASIS sheet.

Chavez's counsel objected to any consideration of the WASIS sheet. Furthermore, Chavez's counsel asserted that since the defendant's name and the names on the Oregon convictions were not identical, the State failed to provide sufficient proof of identity to shift the burden of proof to Chavez.

After reviewing the documents, the court determined that the State had made a prima facie showing of identification sufficient to shift the burden to Chavez. The court then indicated that Chavez could be put under oath to testify regarding the prior Oregon convictions. A recess was taken so that Chavez's attorney could discuss the matter with Chavez. After the recess, Chavez's attorney asked for a clarification of the court's ruling. The court indicated that the similarity of the names on the prior convictions and on the WASIS sheet listing Chavez's aliases was sufficient to show prima facie that he was the person named in those convictions. Chavez's attorney stated that Chavez would take the stand to admit or deny the convictions, only because the court had "ordered" him to do so. Chavez testified under protest that he was the person named in the Oregon convictions.

DISCUSSION

Prior convictions are used to determine the offender score, which in turn is used to determine the applicable presumptive standard sentence range. RCW 9.94A.360, .370; *State v. Ammons*, 105 Wn.2d 175, 187, 713 P.2d 719, 718 P.2d 796, *cert. denied*, 479 U.S. 930 (1986). The defendant's right to due process is satisfied if the defendant is informed of the prior convictions being used and given an opportunity to deny that he or she is the person named in the conviction. *Ammons*, at 190. "[T]here must be *some* showing that the defendant before the court for sentencing and the person named in the prior conviction are the same person." (Italics ours.) *Ammons*, at 190. In *Ammons*, the court held that identity of names was sufficient proof of identity, which the defendant could rebut by declaring under oath that he or she is not the person named in the prior conviction. The court further held that the defendant's declaration under oath that he or she is not the same person named in the prior conviction

> will suspend the use of the prior conviction in assessing the presumptive standard sentence range until the State proves by independent evidence, for example, fingerprints, court personnel present at prior adjudication, or institutional packets, that the defendant before the court for sentencing and named in the prior conviction are the same.

*Ammons*, at 190.

The State asserts that Chavez has waived his right to assert that the State failed to prove prima facie that he was the person named in the Oregon convictions. When a defendant presents evidence in his or her behalf after the trial court has denied the defendant's motion to dismiss a charge because of insufficient evidence, the defendant waives his or her right to challenge the sufficiency of the evidence presented by the State. *State v. Smith*, 56 Wn. App. 909, 914, 786 P.2d 320 (1990). However, the defendant may challenge on appeal the sufficiency of the evidence *as a whole*, including the evidence presented in his or her behalf. *State v. Young*, 50 Wn. App. 107, 111, 747 P.2d 486

(1987). Although courts have applied this "waiver" rule only to trials, we see no reason why the same rule should not apply to sentencing hearings.

Here, Chavez took the stand and testified that he was the person named in the Oregon convictions. Regardless of whether the State's evidence alone was sufficient proof of identification, the State's evidence, together with Chavez's testimony that he was the person named in the Oregon convictions, constituted sufficient proof of identification.

The defense counsel asserts that the waiver rule should not apply to Chavez because he was forced to take the stand, and testified under protest. Although the trial court did not communicate that Chavez could choose whether to testify, the trial court did not "order" Chavez to testify. Chavez was "forced" to testify only in the sense that the court was not going to require any additional evidence of identification unless Chavez denied under oath that he was the person named in the convictions.

The judgment is affirmed.

COLEMAN and KENNEDY, JJ., concur.