[No. 32700-3-I.   Division One.   August 14, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. MARTIN BURNETTE, *Appellant*.


fectively split conduct into two separate crimes while information charged only one).

*Andrew P. Stanton*, for appellant.

*David S. McEachran, Prosecuting Attorney*, and *Laura D. Hayes, Deputy*, for respondent.

ELLINGTON, J. — Martin Burnette appeals his conviction for first degree murder. He argues that the trial court erred when it (1) admitted his extrajudicial statements because there was insufficient independent evidence to establish the corpus delicti of the underlying felony of robbery; (2) refused to admit a prior statement of a defense witness; and (3) refused to admit evidence linking a third party to the murder. We affirm.

On September 19, 1989, David May Jr. was stabbed in Roosevelt Park in Bellingham. He died the next day. On December 11, 1992, Martin Burnette was charged by information with murder in the first degree.

During Burnette's trial, witnesses testified that May had money on his person on the day he was stabbed, including about an hour before he was stabbed. No money was found on his body.

A companion of Burnette testified that when he and Burnette were together before May was killed, Burnette had no money. A store clerk testified that Burnette purchased items from her store after May was stabbed.

Some friends and acquaintances of Burnette testified that he admitted that he had robbed and killed David May. The witnesses stated that Burnette believed that May was carrying at least $160. They claimed Burnette was distressed that he had killed May for only five dollars.

Burnette attempted to introduce into evidence tape recordings of statements made by his close friend, Colin Koehler. The trial court concluded that the tapes did not constitute admissible rebuttal evidence and denied their admission.

Burnette also attempted to introduce evidence tying Rick "Gordy" Montes to the murder. Burnette wanted to introduce evidence that May used drugs, that Montes sold drugs, and that May and Montes knew each other, so that he could argue that Montes may have committed the murder. The trial court found that Burnette had failed to make an offer of proof sufficient to allow him to introduce evidence that Montes might have been the murderer and denied its introduction under either ER 401 or ER 404(b).

A jury found Burnette guilty as charged on March 10, 1993.

Burnette first argues that the trial court erred when it admitted his confession. He claims that the confession should not have been admitted without sufficient independent evidence of the underlying felony of robbery, in violation of the corpus delicti rule. We disagree.

■ In Washington, to establish that a crime was committed (the corpus delicti of a crime), one must show that an act forming the basis of the criminal charge existed

and that a criminal agency caused the act or result. *State v. Meyer*, 37 Wn.2d 759, 763, 226 P.2d 204 (1951). In other words, one must prove (1) an injury or loss; and (2) that someone's criminal act caused the injury or loss. *State v. Smith*, 115 Wn.2d 775, 781, 801 P.2d 975 (1990); *State v. Mason*, 31 Wn. App. 41, 48, 639 P.2d 800, *review denied*, 97 Wn.2d 1010 (1982).

A confession made by the person charged with committing a crime is insufficient to establish the corpus delicti. Evidence independent of the confession must establish that a crime was committed. *Smith*, 115 Wn.2d at 781. Corroboration is required to ensure that an innocent person is not convicted based upon a false confession of guilt. *State v. Hamrick*, 19 Wn. App. 417, 419, 576 P.2d 912 (1978); see also *State v. Quillin*, 49 Wn. App. 155, 162, 741 P.2d 589 (1987), *review denied*, 109 Wn.2d 1027 (1988).

"The independent evidence need not be of such a character as would establish the *corpus delicti* beyond a reasonable doubt, or even by a preponderance of the proof. It is sufficient if it *prima facie* establishes the *corpus delicti*." *State v. Meyer*, 37 Wn.2d 759, 763-64, 226 P.2d 204 (1951); *see also Smith*, 115 Wn.2d at 781. Evidence prima facie establishes the corpus delicti if sufficient circumstances exist from which one could logically and reasonably infer the facts to be proved. *Smith*, 115 Wn.2d at 781; *see also Quillin*, 49 Wn. App. at 162; *Hamrick*, 19 Wn. App. at 419.

Without citation to authority, Burnette argues that to establish the corpus delicti of the crime of felony murder, the prosecution was required to provide evidence, independent of Burnette's confession, of the underlying felony of robbery. No Washington cases were found to support Burnette's position. However, in *Mason*, the court addressed whether the State was required to provide independent proof of all elements of the statutory offense to establish the corpus delicti.

The defendant in *Mason* had argued that to establish the corpus delicti of first degree assault, the State must of-

fer evidence, independent of the confession, (1) that the victim was assaulted, (2) with a deadly weapon, and (3) with *intent* to commit a felony. *Mason*, 31 Wn. App. at 48. After stating that the corpus delicti rule requires only independent evidence to support a logical and reasonable conclusion that (1) a specific injury or loss occurred, and (2) criminality was the source of the injury or loss, the court held that the State need not present evidence, independent of the confession, that the criminal act was intentional. *Mason*, 31 Wn. App. at 48. Independent proof of the criminal's intent was not required "when that element of the crime charged provides merely the *degree* of the generic crime charged." (Emphasis in original.) *Mason*, 31 Wn. App. at 48.

Burnette cites no authority for the proposition that evidence of the underlying felony is required to establish the corpus delicti in a felony murder case, but some jurisdictions have had such a rule. *See People v. Allen*, 39 Mich. App. 483, 496, 197 N.W.2d 874 (1972) (Levin, J., dissenting), *rev'd per curiam*, 390 Mich. 383 (1973) (to establish the corpus delicti of a crime, the State must establish "that acts constituting all the essential elements of the offense have been committed and that someone's criminality was responsible for the commission of those acts."); *see also* Charles T. McCormick et al., *McCormick On Evidence* § 145 (Edward Cleary, ed., 3d ed. 1984) ("There is some authority for the proposition that injury or harm . . . means all elements of the crime charged other than the defendant's identity as the perpetrator.")

■ However, Washington's corpus delicti rule does not require the State to establish acts constituting every essential element (*see Mason*, 31 Wn. App. at 48), and in jurisdictions in which the corpus delicti rule is defined as it is in Washington, the courts have held that the underlying felony need not be established by evidence independent of the confession. *See Gentry v. State*, 416 So. 2d 650, 652-53 (Miss. 1982) (the corpus delicti in a homicide case is the death of the victim and the existence of a criminal

agency as the cause of death—therefore, independent proof of the felony in a felony murder prosecution is not necessary if the underlying felony is established by the confession); *Harrison v. State,* 269 Ind. 677, 680, 382 N.E.2d 920 (1978) (corpus delicti was established by independent evidence that the homicide was violent and was criminal in nature—the State was not required to establish, independent of the confession, the exact felony underlying the felony murder charge), *cert. denied,* 441 U.S. 912 (1979); *People v. Cantrell,* 8 Cal. 3d 672, 680, 504 P.2d 1256, 105 Cal. Rptr. 792 (1973) (the corpus delicti of the felony murder was the evidence that the victim met his death through a criminal agency—the State was not required to prove the underlying felony independent of the defendant's extrajudicial statements).

We hold the corpus delicti rule as it is defined in Washington did not require the State to establish the underlying robbery in order, independent of Burnette's confession, to establish the corpus delicti of the felony murder. The trial court, therefore, did not err when it admitted Burnette's extrajudicial statements.[1]

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

WEBSTER and COX, JJ., concur.

Review denied at 128 Wn.2d 1010 (1996).

---

[1]Even if this court were to hold that independent evidence of the robbery was required, given that only prima facie evidence is needed, there was enough evidence independent of Burnette's confession to establish the corpus delicti of robbery. The evidence that May was carrying money and had purchased items at a store only an hour before he was stabbed creates a logical and reasonable inference that he would have had at least some change on his person when he died. From the fact that May was stabbed, and the fact that no money was found on his person, one could reasonably and logically infer that his money was lost through a criminal agency.