[No. 36080-9-I.   Division One.   April 29, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. DWAYNE WILLIAM DODGEN, *Appellant*.

*Kelly J. Barlean*, for appellant.

*James H. Krider, Prosecuting Attorney*, and *Seth Aaron Fine, Deputy*, for respondent.

COLEMAN, J. — In this case we are asked to decide whether there was sufficient evidence to establish the corpus delicti of rendering criminal assistance. To do so, we must first determine the proper scope of review when a defendant fails to object to admission of his confession, moves instead to dismiss at the close of the State's case, and presents evidence on his behalf upon denial of that motion. We hold that in these circumstances, the reviewing court looks to the evidence as a whole to determine whether the corpus delicti was established. In the present case, the evidence as a whole provides sufficient independent proof that the crime charged was committed, and we affirm.

On September 29, 1994, Dwayne William Dodgen confessed to Everett Police Detective Steven Kiser that he witnessed the murder of Matt Everist and helped carry the body to its hiding spot. Dodgen described the events surrounding Everist's death as follows. Seth Weber, Anthony Crane, and Dodgen met Everist at a restaurant around 10 p.m. as they had arranged earlier that day. The four drove to the Snohomish River and walked along the river bank for almost half an hour before stopping in a remote area. Crane sprayed Everist with Capstun (mace). Weber grabbed Everist in a "sleeper hold," or choke hold, until he lost consciousness. Weber dropped him, extracted a knife from Everist's coat, and stabbed him multiple times. Weber told Dodgen, " 'If you say anything about this, you get me busted, I'll kill you.' " As Weber and Crane lifted the body, Weber instructed Dodgen, who was "in a state of shock," to hold the head. Weber added, in an angry and demanding voice, " 'Come on, do it.' " Dodgen held the head because he did not want anything to happen to him, and the three carried the body toward the river. Weber and Crane threw the body into a hole and

pulled a log over it. Weber threw the knife in the river.

After giving this statement, Dodgen led police officers to the site where the body was hidden. Dodgen was arrested and charged with rendering criminal assistance in the first degree pursuant to RCW 9A.76.070.[1] Before trial, the parties stipulated to the statement, "Everist, a 16-year-old male, was found as skeletal remains on a wooded bank near a river. The cause of his death is multiple stab wounds. The manner of death is classified as homicide."

At trial, this statement was read to the jury. The State presented the testimony of Detective Kiser, who related Dodgen's confession and identified a photograph of the site where Everist's remains were found. Dodgen did not object when evidence of his confession was presented. The State rested its case. Dodgen moved to dismiss, arguing that his confession could not be considered by the jury because the State had failed to establish the corpus delicti of the crime and that, without the confession, the evidence was insufficient to go to the jury. The trial court denied the motion.

The defense called two witnesses. Detective Gary Woodburn of the Everett Police Department testified as to Crane's version of events the night Everist was killed. Crane's statement substantially corroborated Dodgen's account. Crane's report differed only in that he recalled throwing Weber's knife in the river himself and could not remember whether Dodgen helped conceal Everist. Crane stated that Dodgen had injured his arm and had probably been unable to assist in moving the body. Todd Dalton, a friend of Crane and Weber, testified that they had described how Crane maced Everist, Weber held him in a sleeper hold, and both of them cut his throat. Crane and Weber threw the knife in the river and hid the body, telling Dodgen that "if he opened his mouth, him [sic] and his family would be . . . taken care of."

---

[1]First degree rendering criminal assistance occurs when a person, "with intent to prevent, hinder, or delay the apprehension or prosecution of another person who he knows has committed" a felony, "[c]onceals, alters, or destroys any physical evidence that might aid in the discovery or apprehension of such person[.]" RCW 9A.76.050(5), .070(1).

The jury found Dodgen guilty as charged. He received a standard range sentence of 12 months.

We initially consider Dodgen's motion to impose sanctions and to strike the State's brief and designation of clerk's papers. The trial court entered Dodgen's judgment and sentence on February 2, 1995. Dodgen filed a notice of appeal four days later and a notice of partial report of proceeding sometime after that.[2] Dodgen filed his opening brief on March 14. Two months later, the State filed an objection to the Notice of Partial Report of Proceeding and arranged for additional portions to be transcribed. The Court of Appeals received the transcript on May 31, 1995. Dodgen apparently did not receive a copy until August 16. The State requested and received an extension of time to file its response brief until July 31 but did not file its brief by that date.

On August 4, Dodgen filed a motion on the merits for reversal and for sanctions based on the State's failure to file a response. The State filed its brief on August 16, at the same time filing (1) a request for an extension of time to file the brief, which was granted, (2) a motion on the merits to affirm, and (3) its designation of clerk's papers. In response, Dodgen filed a motion to strike both the State's response brief and its designation of clerk's papers and again asked the court to impose sanctions. A Commissioner of this court denied both Dodgen's motion on the merits to reverse and the State's motion on the merits to affirm. Dodgen's motion to strike and for sanctions was forwarded to this panel.

██ Dodgen's motion is meritless. First, the time period for objecting to a partial report of proceedings under RAP 9.2(c) is not mandatory ("should" object within ten days) and, more importantly, Dodgen fails to demonstrate any prejudice from the delay. Second, the State filed

---

[2]The record on appeal does not contain this document. It is unlikely that Dodgen filed the Notice of Partial Report of Proceeding on January 24, 1995, as he asserts in his motion, considering that the trial had not concluded as of then. The State indicates that this notice was filed on February 24.

clerk's papers within the time allowed by RAP 9.6(a), and those clerk's papers were properly designated as such. The minutes of a trial are more akin to clerk's papers than to a verbatim report of proceedings. *See* RAP 9.1(b)-(c). In any event, the State never cites its clerk's papers. Third, the State's response brief properly reflects the issues raised in Dodgen's opening brief. Dodgen's motion is denied.

We turn now to Dodgen's argument that his confession should have been suppressed under the corpus delicti rule. The purpose of that rule is to ensure that a defendant does not, for whatever reason, confess to a crime that has not been committed. Under the rule, a defendant's extrajudicial confession or admission is not admissible unless there is independent prima facie proof that the crime charged has been committed by someone. *State v. Cobelli*, 56 Wn. App. 921, 924, 788 P.2d 1081 (1989). A prima facie showing requires evidence of sufficient circumstances supporting a logical and reasonable inference that the charged crime occurred. *City of Bremerton v. Corbett*, 106 Wn.2d 569, 578-79, 723 P.2d 1135 (1986).

The corpus delicti rule is a judicially created rule of evidence, not a constitutional sufficiency of the evidence requirement, and a defendant must make proper objection to the trial court to preserve the issue. *State v. C.D.W.*, 76 Wn. App. 761, 763-64, 887 P.2d 911 (1995).

> [T]he failure to object precludes appellate review because "[i]t may well be that 'proof of the corpus delicti was available and at hand during the trial, but that in the absence of [a] specific objection calling for such proof it was omitted.' "

*C.D.W.*, at 763-64 (quoting *People v. Wright*, 52 Cal. 3d 367, 404, 802 P.2d 221, 245, 276 Cal. Rptr. 731 (1990), *cert. denied*, 502 U.S. 834 (1991)). In the present case, Dodgen did not object when testimony was elicited regarding his confession. Instead, he waited until the State had rested its case, and then he moved to dismiss, framing his motion in terms of whether the evidence was sufficient to estab-

lish the corpus delicti. When that motion was denied, Dodgen did not choose to rest but rather to present evidence on his behalf. Generally, the court reviewing a sufficiency of the evidence claim looks at the evidence as a whole whenever a defendant presents evidence after the trial court has denied his or her motion to dismiss for lack of sufficient evidence.[3] *State v. Chavez*, 65 Wn. App. 602, 605, 829 P.2d 1118 (1992); *State v. Smith*, 56 Wn. App. 909, 914, 786 P.2d 320 (1990). Thus, we consider the evidence in its entirety.

■■ Corpus delicti is usually proved by establishing (1) an injury or loss and (2) a person's criminal act as a cause thereof. *Corbett*, 106 Wn.2d at 573-74. To show that the crime of rendering criminal assistance has been committed in the present circumstances, there must be independent proof that a homicide victim was concealed by someone other than the person who committed the murder. *See* RCW 9A.76.050. We disagree with the State that the only fact required to show the corpus delicti here is a hidden homicide victim. The mere fact that a body was hidden does not logically support an inference that anyone other than the killer concealed the body. Instead, there must be evidence that someone other than the murderer hid, or assisted in hiding, the body.

■ In the present case, the evidence shows that Everist's death was a homicide and permits the inference that hiding the body required the efforts of more than one person. The body was carried some distance, thrown into a hollow, and covered with a log. In addition, it is clear from Crane's statement and Dalton's testimony that Weber was assisted by at least one other person in concealing the body. Independent proof that the criminal act was

---

[3]The State argues that Dodgen waived his right to raise the corpus delicti issue by presenting evidence after the trial court denied his motion and then failing to argue the issue on appeal based on *all* of the evidence. In *State v. Smith*, 56 Wn. App. 909, 914, 786 P.2d 320 (1990), however, the Court of Appeals noted that such an argument by an appellant may be treated as going to the sufficiency of the evidence as a whole and not as challenging only the trial court's denial of the motion to dismiss based solely on the State's evidence.

intentional is not needed to establish the corpus delicti when, as here, the intent element of a crime merely establishes the degree of the crime charged. *State v. Burnette*, 78 Wn. App. 952, 956, 904 P.2d 776 (1995), *review denied*, 128 Wn.2d 1010 (1996); *State v. Mason*, 31 Wn. App. 41, 48, 639 P.2d 800, *review denied*, 97 Wn.2d 1010 (1982). There was sufficient independent proof of the crime of rendering criminal assistance, and Dodgen's confession was properly considered by the jury in determining who helped Weber conceal the body.

Dodgen's motion to strike and to impose sanctions is denied. The judgment and sentence are affirmed.

BAKER, C.J., and AGID, J., concur.