[No. 39976-4-I.    Division One.    January 25, 1999.]
THE STATE OF WASHINGTON, *Petitioner*, v. CHERI
LILES-HEIDE, *Respondent*.

*James H. Krider, Prosecuting Attorney*, and *Kenneth A. Schiffler, Deputy*, for petitioner.

*Kelly L. Taylor* and *Tam T. Bui* of *Snohomish County Public Defender Association*, for respondent.

GROSSE, J. — When a defendant testifies following the trial court's denial of the defendant's corpus delicti claim, an appellate court must review the record as a whole, including that testimony, to determine whether there was sufficient independent evidence to support a logical and reasonable inference that the charged crime occurred. Because the Snohomish County Superior Court erred when it refused to consider evidence presented by Liles-Heide establishing the sufficiency of the corpus delicti, we reverse and reinstate her conviction.

## FACTS

On December 23, 1995, at approximately 10:30 P.M., a Snohomish County sheriff observed a car at the end of a long driveway with its back end partially blocking the north-bound lane of a public thoroughfare. The vehicle's left front tire was in a ditch, and its right front tire was on the driveway. The sheriff testified that the driver's door was open and the engine was running. He further testified that when he activated his lights, Liles-Heide, who was approximately 30 feet from the vehicle walking towards the house, turned around and walked back towards the car. She was visibly intoxicated. When he asked her if she had been drinking she stated, "Just a little bit." He gave her a field sobriety test. She did poorly and he placed her under arrest.

The sheriff testified that a tall male then came from the house and attempted to move the car. The sheriff noticed that the man had to adjust the seat because it was close to the steering wheel, in a position consistent with Liles-Heide's 5'3" height. The man could not move the car. It was eventually towed.

At the police station Liles-Heide waived her *Miranda* rights and confessed to driving the car. *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, 10 A.L.R.3D 974 (1966). She stated that she had done so in an attempt to create space so that another person attending the party

at the house could leave. She was charged with driving under the influence.

In a pretrial motion to dismiss under *State v. Hamrick*,[1] Liles-Heide argued that without her confession there was insufficient evidence that she was driving the car. After conducting a hearing, the judge denied the motion. At trial, before the State introduced evidence of the confession, Liles-Heide renewed her motion. The court again denied the motion. The State introduced the confession. Liles-Heide and a witness presented by the defense then testified that she had in fact driven the car. The jury returned a guilty verdict.

On RALJ appeal, the superior court judge held that the pretrial and trial judges erred in finding independent proof of the corpus delicti. The court reversed and remanded for a new trial, apparently finding the evidence sufficient to support a finding of guilt but the improperly admitted testimony tainted the verdict. The court noted that the trial court was not precluded from considering additional evidence on sufficiency of the corpus delicti. The State's motion for reconsideration, based upon this court's decision in *State v. Dodgen*,[2] was denied. The State appeals.

## DISCUSSION

■ In *Hamrick*, Division Two of this court held that the State may use a defendant's confession to establish guilt only if there is independent "evidence of sufficient circumstances which would support a logical and reasonable deduction of the fact sought to be proved."[3] The court concluded that there was insufficient evidence to support the corpus delicti when the testifying officer stated that he saw the defendant standing in the middle of the road between a truck and another car but could not tell if the defendant had been driving either vehicle.[4] We are now asked

---

[1]*State v. Hamrick*, 19 Wn. App. 417, 576 P.2d 912 (1978).

[2]*State v. Dodgen*, 81 Wn. App. 487, 915 P.2d 531 (1996).

[3]*Hamrick*, 19 Wn. App. at 419.

[4]*Hamrick*, 19 Wn. App. at 420.

to decide the proper scope of review when the district court denies the defendant's pretrial *Hamrick* motion to dismiss, denies a timely renewal of the motion at trial, but the defendant chooses to put on evidence in her case-in-chief establishing the corpus delicti. We hold that under such circumstances the defendant's challenge is waived and a reviewing court may evaluate the claim based on the sufficiency of the evidence as a whole.

Liles-Heide argues, citing our opinion *Dickerson v. Chadwell, Inc.*,[5] that appellate review is not precluded in this case because her objection was timely and the court's adverse ruling was final. In *Dickerson* we held that "a party prejudiced by an evidentiary ruling who then introduces the adverse evidence in an effort to mitigate its prejudicial effect is not precluded from obtaining review of the ruling."[6] The rule recited in *Dickerson*, however, has never been applied to a claim of insufficient evidence.[7] And moreover, it is inapplicable here, where Liles-Heide introduced not the confession, but other testimony establishing the corpus delicti.

Thus, when the defendant elects to introduce substantive evidence on her own behalf following the denial of a corpus delicti motion, the defendant waives her challenge to the sufficiency of the evidence as it stood at that point.[8] The appellate court then may review the evidence as a whole to determine whether there is sufficient independent evidence supporting a logical and reasonable inference that the crime charged occurred.[9]

---

[5] *Dickerson v. Chadwell, Inc.*, 62 Wn. App. 426, 814 P.2d 687 (1991).

[6] *Dickerson*, 62 Wn. App. at 430.

[7] *See State v. Smith*, 56 Wn. App. 909, 914, 786 P.2d 320 (1990); *State v. Young*, 50 Wn. App. 107, 110, 747 P.2d 486 (1987) (holding that a defendant waives a challenge to the sufficiency of the evidence at the close of the State's case if he introduces evidence on his behalf that has bearing on the merits of the case. The defendant, however, can seek appellate review of the sufficiency of the evidence as a whole to support a criminal conviction.).

[8] *State v. Pennewell*, 23 Wn. App. 777, 778, 598 P.2d 748 (1979); *see also Dodgen*, 81 Wn. App. at 493 n.3.

[9] *Dodgen*, 81 Wn. App. at 489.

Liles-Heide elected to present evidence following the court's denial of the motion. And her testimony establishes the corpus delicti for driving under the influence of alcohol. Accordingly, we reverse the superior court's decision and reinstate her conviction.

WEBSTER and BECKER, JJ., concur.