[No. 17846-3-III.   Division Three.   December 14, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. RONALD
JEROME THOMAS, JR., *Appellant*.

*Dawn Reynolds,* for appellant.

*James H. Kaufman, Prosecuting Attorney,* and *Ronald D. Shirley, Deputy,* for respondent.

KATO, J. — Ronald Jerome Thomas, Jr. appeals his conviction of one count of indecent liberties. He contends the court erred by failing to instruct the jury on fourth degree assault as a lesser included offense of indecent liberties. We affirm.

Mr. Thomas was charged with four counts of indecent liberties involving four different women; two counts of first degree burglary associated with two of the indecent liberties charges; and one count of criminal impersonation. Mr. Thomas requested a jury instruction on fourth degree assault as a lesser included offense of indecent liberties. The court refused to give the instruction. The jury convicted him of one count of indecent liberties, but found him not guilty of criminal impersonation. It was deadlocked on the two counts of first degree burglary and the three remaining counts of indecent liberties.

The issue is whether the trial court erred by not giving the lesser included offense instruction. A defendant is entitled to an instruction on a lesser included offense if (1) each of the elements of the lesser offense are a necessary element of the charged offense, and (2) the evidence in the case supports an inference that the lesser crime was committed. *State v. Workman,* 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978); *see State v. Berlin,* 133 Wn.2d 541, 547-49, 947

P.2d 700 (1997) (overruling *State v. Lucky*, 128 Wn.2d 727, 912 P.2d 483 (1996)). The requirements are respectively known as the "legal" and "factual" prongs of the lesser included test. *State v. Walden*, 67 Wn. App. 891, 893, 841 P.2d 81 (1992) (citing *State v. Rodriguez*, 48 Wn. App. 815, 817, 740 P.2d 904, *review denied*, 109 Wn.2d 1016 (1987)).

There is no dispute that the factual prong of the test was satisfied. Therefore, we must only determine if the legal prong of the test was met.

Under the legal prong, a defendant is entitled to an instruction on the lesser offense only if the charged crime could not be committed without also committing the lesser offense. *Walden*, 67 Wn. App. at 893. In other words, the question is whether Mr. Thomas also committed the crime of fourth degree assault when committing the crime of indecent liberties.

A person is guilty of fourth degree assault if, under circumstances not amounting to assault in the first, second, or third degree, or custodial assault, he or she assaults another. RCW 9A.36.041(1). Assault is, among other things, an unlawful touching. *Walden*, 67 Wn. App. at 893. "[A] touching may be unlawful because it was neither legally consented to nor otherwise privileged, and was either harmful or offensive." *State v. Garcia*, 20 Wn. App. 401, 403, 579 P.2d 1034 (1978). Intent is an implied element of fourth degree assault. *Walden*, 67 Wn. App. at 894; *see State v. Davis*, 119 Wn.2d 657, 662, 835 P.2d 1039 (1992).

A person is guilty of indecent liberties when he or she "knowingly causes another person who is not his [or her] spouse to have sexual contact with him or another . . . [b]y forcible compulsion" or "[w]hen the other person is incapable of consent by reason of being . . . physically helpless." RCW 9A.44.100(1)(a), (b). The required mental state for the crime is knowledge.

RCW 9A.08.010 creates a hierarchy of mental states for crimes of increasing culpability. *State v. Allen*, 101 Wn.2d 355, 359, 678 P.2d 798 (1984). As defined in RCW 9A.08-.010(1)(a), "intent" means that "[a] person acts with intent

or intentionally when he acts with the objective or purpose to accomplish a result which constitutes a crime." Knowledge is defined in RCW 9A.08.010(1)(b):

KNOWLEDGE. A person knows or acts knowingly or with knowledge when:

(i) he is aware of a fact, facts, or circumstances or result described by a statute defining an offense; or

(ii) he has information which would lead a reasonable man in the same situation to believe that facts exist which facts are described by a statute defining an offense.

By acting intentionally, a person by law also acts knowingly. *State v. Shipp*, 93 Wn.2d 510, 518, 610 P.2d 1322 (1980). But knowledge is a less culpable mental state than, and does not necessarily include, intent. *See* RCW 9A.08.010(2) ("When acting knowingly suffices to establish an element, such element also is established if a person acts intentionally.").

■ A person must act "knowingly" to commit indecent liberties. On the other hand, a person must act "intentionally" to commit fourth degree assault. Since the two crimes require different mental states, each element of the lesser offense of fourth degree assault is not a necessary element of the offense of indecent liberties. Mr. Thomas could thus commit one crime without committing the other. *Walden*, 67 Wn. App. at 893. The "legal" prong of the lesser included test was not met. The court properly refused to give the lesser included offense instruction.

Mr. Thomas nonetheless contends the term "sexual contact" in the definition of indecent liberties injects the requirement of intent. " 'Sexual contact' means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party." RCW 9A.44.010(2).

This court has held in another context that intent is an element of indecent liberties. *State v. Smith*, 56 Wn. App. 909, 913-14, 786 P.2d 320 (1990). There, the jury was

instructed that motive or intent was not an element of the crime of indecent liberties and that the doing of the inhibited act constituted the crime. Determining that intent was indeed an element of indecent liberties, this court held the instruction was improper on the basis that the Legislature had made motive or intent an element of the crime by defining indecent liberties in terms of touching "for the purpose of gratifying sexual desire." *Id.* at 914.

■ But by focusing only on the definition of the term "sexual contact" to find an implied intent requirement, *Smith* overlooked the fact that the statutory elements of the crime of indecent liberties expressly include the necessary culpable mental state, i.e., knowledge, not intent. *See State v. Sims*, 119 Wn.2d 138, 142, 829 P.2d 1075 (1992) (guilty knowledge not additional element required to be proved in prosecution for possession with intent to manufacture or deliver controlled substance; statute includes required mental state, i.e., intent). Accordingly, we determine *Smith* was erroneously decided insofar as the case held that intent is an element of indecent liberties. It is not.

Affirmed.

KURTZ, A.C.J., and SWEENEY, J., concur.

Review denied at 140 Wn.2d 1020 (2000).