
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | NO. 68116-8-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL SCOTT GUNDERSON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: August 5, 2013 |
| | ) | |

LAU, J. — Under ER 404(b), evidence of a defendant's prior crimes, wrongs, or acts is presumptively inadmissible to prove character or propensity. But evidence of the defendant's prior assaults against a victim of domestic violence is admissible to assist the jury in assessing the victim's credibility. The trial court properly admitted evidence of Daniel Gunderson's prior assaults against his former girl friend. We affirm Gunderson's domestic violence felony violation of a court order conviction.

## FACTS

Daniel Gunderson and Christina Moore dated for approximately seven or eight years. The relationship produced a daughter, FG.

In September 2010, Christina and FG lived with Christina's mother, Bonnie Moore, in Seattle.[1] Gunderson lived in Longview. No-contact orders barred Gunderson and Christina from contacting each other. Nonetheless, Christina, Bonnie, and Gunderson arranged for Gunderson to pick up FG and take her to his home in Longview for a visit. Gunderson drove to Seattle on September 14 and stayed overnight at Bonnie's apartment. Christina, Bonnie, and FG were all present.

The next day, September 15, Gunderson gathered FG and her belongings and went to his truck. Bonnie testified that she and Christina followed Gunderson out of the apartment and a "scuffle" took place between the three adults, with Bonnie and Christina trying to stop Gunderson from taking FG. Bonnie testified that during the scuffle, she was halfway in and halfway out of the truck, Gunderson and Christina were sitting in the truck, and FG was on the truck's floorboard. Bonnie called the police during the scuffle. She testified that Gunderson then drove away with Christina and FG.

Officer Andrew Wilkes responded to Bonnie's call and took a written statement. Bonnie told Officer Wilkes that Gunderson suddenly grabbed FG and ran toward a silver truck. Bonnie reported that Christina "yelled at [her] he's trying to take [FG]," and Bonnie ran to the truck and tried to lock the door. Report of Proceedings (RP) (Oct. 24, 2011) at 23. Bonnie stated that Gunderson "threw [FG] in the truck" and drove away with Christina and FG, and Bonnie was dragged for approximately 75 feet before she fell off. RP (Oct. 24, 2011) at 23. As Gunderson drove away, Bonnie saw him hit Christina.

---

[1] For clarity, we refer to the Moores by their first names.

Christina testified that when Gunderson left Bonnie's apartment on September 15, Bonnie followed him outside to the truck. Christina said that Bonnie and Gunderson argued, but she denied that Gunderson hit her or Bonnie. Christina testified that despite having no plans to go for a drive and having no possessions with her, she calmly entered the truck and left with Gunderson and FG.

The State charged Gunderson with one count of domestic violence felony violation of a court order. The State further alleged the aggravating factor of committing the offense "within sight or sound of the victim's or the offender's minor child under the age of eighteen years . . . ." At a pretrial hearing, the State moved to admit Gunderson's two prior fourth degree assault convictions—both committed against Christina—under ER 404(b). The State expected Christina to minimize or recant regarding the September 2010 incident and sought to admit evidence of Gunderson's prior assaultive behavior to "illustrate the credibility of Christina Moore, and place it in the context of the entirety of the relationship." RP (Oct. 24, 2011) at 52.

The court found by a preponderance of the evidence that the prior acts occurred and determined that the evidence was "more probative than prejudicial because it goes squarely to her credibility issue, and the other arguments go to weight, not admissibility." RP (Oct. 24, 2011) at 53. The court clarified,

> To the extent that Miss Christina Moore either states that she was not assaulted, or states she cannot remember the assault, then her credibility is in question, then the State may attempt to attack her credibility by bringing up these prior incidents as in support of the State's theory that she may be minimizing what actually happened, or choosing not to remember what actually happened because of the cycle of domestic violence, because she has been involved in incidents before where she has been assaulted.

RP (Oct. 24, 2011) at 55-56.

On direct-examination, the State asked Christina about the prior assaults. She testified that in 2008, Gunderson pushed her during an argument and she called the police.[2] She also stated that in 2010, Gunderson argued with her friend Brooke, then grabbed Christina's sweater as she sat in a car. Brooke called the police on that occasion. After Christina's testimony, the court read the jury a limiting instruction as requested by defense counsel:

> I want to indicate that, previously, I allowed testimony of Miss Christina Moore with regard to a couple of previous incidents involving her and the defendant.
>    The testimony was only allowed for the purposes of evaluating her testimony - - for the purpose of evaluating her testimony and for no other purpose.
>    You're not to consider the evidence concerning the other incidents for any other purpose.

RP (Oct. 24, 2011) at 131.

The jury convicted Gunderson as charged. The court imposed a high end standard range sentence. Gunderson appeals.

## ANALYSIS

Gunderson argues that the trial court erred in admitting evidence of his prior acts of domestic violence under ER 404(b). Under ER 404(b),

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

---

[2] This argument occurred at Gunderson's grandmother's house. On cross-examination, Christina said she called the police not because Gunderson pushed her but because Gunderson's grandmother was hurt and needed an ambulance.

-4-

"This list of other purposes for which such evidence of other crimes, wrongs, or acts may be introduced is not exclusive." State v. Baker, 162 Wn. App. 468, 473, 259 P.3d 270, review denied, 173 Wn.2d 1004 (2011).

A trial court must state its reasoning on the record when admitting ER 404(b) evidence. State v. Jackson, 102 Wn.2d 689, 693, 689 P.2d 76 (1984). To admit evidence of a defendant's prior bad acts, the trial court must (1) find by a preponderance of the evidence that the acts occurred, (2) identify the purpose for which the evidence is sought to be introduced, (3) find that the evidence is relevant to prove an element of the crime charged, and (4) weigh the evidence's probative value against its prejudicial effect. State v. Fualaau, 155 Wn. App. 347, 356-57, 228 P.3d 771 (2010).

We review a trial court's decision to admit evidence under ER 404(b) for abuse of discretion. Baker, 162 Wn. App. at 473. A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons. State v. Dixon, 159 Wn.2d 65, 75-76, 147 P.3d 991 (2006).

Our courts have addressed ER 404(b) evidence in the domestic violence context. In State v. Grant, 83 Wn. App. 98, 105-06, 920 P.2d 609 (1996), involving a domestic violence felony violation of a postsentence court order, the victim changed her story after initially denying that the defendant assaulted her. We held that evidence of the defendant's prior assaults on the victim was admissible under ER 404(b) to help the jury assess the victim's credibility and understand why she told conflicting stories and minimized the degree of violence. Grant, 83 Wn. App. at 106-08. We emphasized that "[t]he jury was entitled to evaluate [the victim's] credibility with full knowledge of the dynamics of a relationship marked by domestic violence and the effect such a

-5-

relationship has on the victim." Grant, 83 Wn. App. at 108. In State v. Magers, 164 Wn.2d 174, 186, 189 P.3d 126 (2008), our Supreme Court adopted Grant's reasoning in concluding, "[P]rior acts of domestic violence, involving the defendant and the crime victim, are admissible in order to assist the jury in judging the credibility of a recanting victim."

In Baker, the trial court admitted evidence of the defendant's prior unreported domestic violence incidents against the victim to show motive and absence of mistake or accident and to assist the jury in assessing the victim's credibility as a witness. Baker, 162 Wn. App. at 472. On appeal, the defendant argued that Grant and Magers only apply to cases involving recanting victims and, thus, those cases were inapposite in a case where the victim did not recant. Baker, 162 Wn. App. at 475. We rejected this argument, holding, "[T]he jury was entitled to evaluate [the victim's] credibility with full knowledge of the dynamics of her relationship with [the defendant]." Baker, 162 Wn. App. at 475.

Here, the State proposed to offer evidence of Gunderson's prior misconduct if Christina denied or minimized the September 15, 2010 incident during her testimony. The State argued that this evidence would help the jury evaluate Christina's credibility with knowledge that her relationship with Gunderson included past domestic violence. The State clarified that the basis for introducing evidence of the prior incidents was that Christina was denying or minimizing the September 15 incident because of prior violence. The trial court conducted a full ER 404(b) analysis on the record and made clear that to the extent Christina denied that Gunderson assaulted her on September 15

or minimized the incident, evidence of Gunderson's prior misconduct was relevant to show that Christina's denial or minimization was not credible.

While Gunderson claims that the trial court concluded evidence of the prior acts was "admissible simply because the alleged victim's testimony contradicted that of other witnesses," the record indicates otherwise. Appellant's Br. at 6. The trial court initially discussed potential conflict between Christina and Bonnie's testimony as a basis for admitting evidence of the prior acts. But after further argument and the State's clarification that it was not offering the evidence for that purpose, the court amended its ruling and admitted the evidence solely to help the jury evaluate Christina's credibility. See RP (Oct. 24, 2011) at 55-56 (State's clarification regarding its purpose in offering the evidence and court's conclusion that the State may attack Christina's credibility by introducing the prior incidents to the extent she denied or minimized the September 15 assault).

As the trial court properly found, the prior acts evidence was highly relevant to explain the reasons Christina minimized or denied the September 15 incident—and, thus, relevant to prove whether the crime occurred. The court conducted the required ER 404(b) analysis, finding that (1) the State proved the prior misconduct by a preponderance of the evidence,[3] (2) the prior misconduct was relevant to the State's theory that, to the extent Christina denied or minimized the September 15 incident, her testimony was not credible, and (3) the evidence was more probative than prejudicial.

---

[3] Gunderson does not challenge the trial court's determination that the State proved the prior assaults by a preponderance of the evidence. He argues the prejudicial nature of the evidence only in connection with his argument that the error he alleges is not harmless and requires reversal. Because we find no error, we do not undertake a harmless error analysis.

Further, the trial court limited the State's use of the evidence and gave the jurors a limiting instruction, quoted above, prohibiting them from using the evidence except to evaluate Christina's credibility. Jurors are presumed to follow the court's instructions. State v. Russell, 125 Wn.2d 24, 84-85, 882 P.2d 747 (1994). We find no abuse of discretion.

## CONCLUSION

The trial court properly admitted evidence of Gunderson's prior acts of domestic violence against Christina to help the jury evaluate her credibility. We affirm.

WE CONCUR: