IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 75723-7-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| WALLACE DEAN BORNINKHOF, | ) | |
| | ) | |
| Appellant. | ) | FILED: April 23, 2018 |

SCHINDLER, J. — A jury convicted Wallace Dean Borninkhof of possession of methamphetamine. Borninkhof seeks reversal, arguing the trial court erred by admitting evidence of an outstanding warrant. Because the evidence was admissible under the res gestae exception to ER 404(b) and overwhelming evidence supports the conviction, we affirm.

At approximately 4:00 a.m. on July 5, 2015, Auburn Police Department Officer Jason Schultz saw two men walking out of a wooded area near Zion Lutheran Church. As Officer Schultz pulled into the church parking lot, the two men were walking toward a parked car. Officer Schultz called for backup. As Officer Schultz started walking to the car in the church parking lot, one of the men, later identified as Wallace Dean Borninkhof, walked away in another

direction. Officer Schultz asked Officer Chris Boldman to try to locate Borninkhof.

Officer Boldman found Borninkhof about eight blocks away. Officer Boldman got out of the patrol car and approached Borninkhof. Officer Boldman told Borninkhof that he was "free to leave" at any time.[1] Officer Boldman asked Borninkhof for his name. Borninkhof gave Officer Boldman his identification card. Officer Boldman ran a records check. There was an outstanding warrant for Borninkhof's arrest.

Officer Boldman arrested Borninkhof. During a search incident to arrest, Officer Boldman found an eyeglass case with two bags of a crystalline substance. Officer Boldman recognized the substance as "consistent in appearance, odor, [and] weight" with methamphetamine. The unpackaged crystalline substance weighed 23.1 grams.

Washington State Patrol Crime Laboratory (WSPCL) forensic scientist Ray Kusumi tested the substance. The tests showed the substance contained methamphetamine.

The State charged Borninkhof with possession of methamphetamine. Borninkhof pleaded not guilty.

Before the trial, the defense moved to exclude evidence of the warrant for "failure to appear for a post-conviction review hearing" under ER 404(b) and ER 403. Defense counsel argued the evidence "would allow the jury to speculate" that Borninkhof was "charged with some prior crime" and that he "failed to

---

[1] Boldface omitted throughout the opinion.

2

properly appear in that matter." Defense counsel contended the evidence was inadmissible propensity evidence under ER 404(b) and unfairly prejudicial under ER 403.

The prosecutor argued evidence of the warrant was admissible under the res gestae exception to ER 404(b) because otherwise, "there was no reason to arrest the defendant. And without that information . . . , really none of it makes any sense." The prosecutor told the court the State would not elicit "any testimony" about the reasons for the warrant.

The court ruled the evidence of the warrant was admissible to explain the search incident to arrest. The court then weighed the prejudice against the probative value:

> The existence of the warrant clearly is prejudicial to the defense. The question is whether the probative value outweighs undue prejudice. One could argue that a warrant is . . . evidence of nothing other than perhaps a failure to appear as opp — not nothing, but something de minimis. Similarly, because there's a search incident to arrest, there's got to be, before the jury, a reason for the arrest.

The court ruled the State could not introduce the underlying basis for the warrant but denied the motion to exclude evidence of the warrant entirely because "effectively, it's suppressing an explanation for . . . how and when the officers found the narcotics."

The State called Officer Schultz, Officer Boldman, and WSPCL forensic scientist Kusumi to testify at trial. Officer Boldman testified that he arrested Borninkhof based on an outstanding warrant.

Q      Okay. And did dispatch have any information about the defendant?

3

A     Yes. They advised that there was a — dispatch advised there was a warrant for his arrest.

Q     And what did you do with that information?

A     Advised the defendant he was under arrest and handcuffed him.

Officer Boldman did not state the underlying basis for the warrant. Officer Boldman said it is "standard practice" to search a person after an arrest. Officer Boldman testified that he found an eyeglass case in Borninkhof's waistband with "two bags of a crystalline substance." Borninkhof did not testify.

During closing argument, defense counsel argued the defense of unwitting possession of the methamphetamine. The jury found Borninkhof guilty as charged. The court sentenced Borninkhof to eight months.

Borninkhof contends the court abused its discretion by admitting testimony that there was an outstanding warrant for his arrest.

The admissibility of evidence is within the discretion of the trial court. State v. Bourgeois, 133 Wn.2d 389, 399, 945 P.2d 1120 (1997). We review a trial court's ruling on the admissibility of evidence for manifest abuse of discretion. State v. Gould, 58 Wn. App. 175, 180, 791 P.2d 569 (1990).

Before a court may admit evidence under an exception to ER 404(b), the court must (1) find by a preponderance of the evidence that the misconduct occurred, (2) determine whether the evidence is relevant to a material issue, (3) state on the record the purpose for which the evidence is being introduced, and (4) balance the probative value of the evidence against the danger of unfair prejudice. State v. Brown, 132 Wn.2d 529, 571, 940 P.2d 546 (1997).

4

Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." ER 401. A fact bearing on the credibility or probative value of other evidence is relevant. Relevant evidence is admissible unless a rule of law prohibits its admission. ER 402.

Under ER 404(b), evidence of a defendant's other crimes, wrongs, or acts is not admissible "to prove the character of a person in order to show action in conformity therewith." ER 403 prohibits the admission of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice."

Washington courts recognize res gestae as an exception to ER 404(b). State v. Lane, 125 Wn.2d 825, 831, 889 P.2d 929 (1995). The res gestae exception allows admission of evidence of other crimes or bad acts when "evidence about the charged crime will naturally pique the jury's curiosity about the aspect of the transaction the uncharged misconduct relates to, and forcing the witness to avoid that aspect of the case will leave the jurors dangling and suspicious." 1 EDWARD J. IMWINKELRIED, UNCHARGED MISCONDUCT EVIDENCE § 6:30, at 6-111 (rev. ed. Supp. 2005);[2] see also Lane, 125 Wn.2d at 831 (res gestae exception " 'complete[s] the story of the crime on trial by proving its immediate context of happenings near in time and place' ")[3] (quoting State v. Tharp, 27 Wn. App. 198, 204, 616 P.2d 693 (1980)). The evidence is admissible

---

[2] Citations omitted.
[3] Internal quotation marks omitted.

" 'in order that a complete picture be depicted for the jury.' " Brown, 132 Wn.2d at 571 (quoting State v. Tharp, 96 Wn.2d 591, 594, 637 P.2d 961 (1981)).

The court did not abuse its discretion by admitting testimony that there was an outstanding warrant under the res gestae exception to ER 404(b). The court ruled the testimony was relevant to show the sequence of events leading to Borninkhof's arrest and the discovery of methamphetamine during the search incident to arrest. The court concluded that without that testimony, the jury would not know why the officer arrested and conducted a search of Borninkhof. The court acknowledged that evidence of the warrant was prejudicial to Borninkhof but the probative value outweighed the risk of unfair prejudice.

Borninkhof cites State v. Aaron, 57 Wn. App. 277, 787 P.2d 949 (1990), to argue the testimony was inadmissible under ER 404(b). Aaron does not address the res gestae exception to ER 404(b) and is distinguishable. In Aaron, a 911 dispatcher told the investigating officer that "the defendant was using [a] blue jeans jacket to push his way through the bushes" to retrieve stolen property. Aaron, 57 Wn. App. at 279. The officer found a blue jeans jacket in the car Aaron occupied just before the arrest. Aaron, 57 Wn. App at 279. The defense objected to the officer's testimony about what the dispatcher said about the blue jeans jacket as hearsay. Aaron, 57 Wn. App. 279. Unlike here, the State argued the testimony was admissible to show the officer's state of mind in stopping Aaron's car and arresting him. Aaron, 57 Wn. App. at 279-80. During trial, the court overruled the defense objection. Aaron, 57 Wn. App. at 280.

On appeal, we concluded admission of the testimony was error because the legality of the search and seizure was not at issue at the suppression hearing or at trial, and therefore, the officer's state of mind was not at issue. Aaron, 57 Wn. App. at 280-81; see also State v. Johnson, 61 Wn. App. 539, 545, 811 P.2d 687 (1991) (out-of-court statements made to a police officer are admissible to show the officer's state of mind "only if their state of mind is relevant to a material issue in the case"). We noted that the "clear" purpose for introducing the testimony was "to suggest to the jury that the jacket containing the watch and jewelry stolen from [the victim] belonged to Aaron." Aaron, 57 Wn. App. 280.

For the first time on appeal, Borninkhof argues the court should have limited Officer Boldman's testimony to a statement that he acted upon "information received." See Aaron, 57 Wn. App. at 281 (the officer could properly testify that he "acted upon 'information received' ") (quoting E. CLEARY, MCCORMICK ON EVIDENCE § 249, at 733 (3d ed. 1984)). We do not consider evidentiary objections raised for the first time on appeal. State v. Kirkman, 159 Wn.2d 918, 926, 155 P.3d 125 (2007).

We conclude the court did not abuse its discretion in admitting the evidence of Borninkhof's outstanding warrant. Further, the record establishes overwhelming evidence supports the jury finding Borninkhof guilty of possession of methamphetamine. An evidentiary error results in reversal only if the error,

within reasonable probability, materially affected the outcome of the trial. <u>State v. Jackson</u>, 102 Wn.2d 689, 695, 689 P.2d 76 (1984).

We affirm the jury conviction.

WE CONCUR:

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON
2018 APR 23 AM 8: 58