# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | NO. 78382-3-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| JUAN JOSE CARRILLO, | ) | |
| | ) | |
| Appellant. | ) | FILED: November 18, 2019 |
| | ) | |

LEACH, J. — Juan Carrillo appeals his conviction for assault in the second degree and felony harassment. First, he challenges the trial court's admission of prior bad act evidence to show the victim's reasonable fear, its exclusion of part of a 911 tape as not relevant, and its admission of another 911 call that he claims was not admissible under any hearsay exception. He also asserts a police officer's testimony about Carrillo's invocation of his Miranda[1] rights is constitutional error. Finally, he claims that cumulative error deprived him of a fair trial.

Carrillo fails to establish that the court abused its discretion when it admitted a prior bad act under ER 404(b). In addition, the trial court did not

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

abuse its discretion by excluding part of the 911 call as not relevant and admitting another 911 call as a present sense impression. Finally, while the officer's comment was error, this error was harmless beyond a reasonable doubt, and no cumulative error exists. We affirm the conviction.

FACTS

On July 12, 2016, S.B. and Juan Carrillo were at home. Their two children, C.C. and A.C, were in their bedroom. S.B. and Carrillo began to argue in their bedroom. Carrillo followed S.B. out into the living room, and they continued to argue. Carrillo "yanked" S.B.'s phone from her, they struggled over the phone, and Carrillo pushed S.B. against the couch. While S.B. was on the ground, Carrillo used a decorative metal car to hit S.B. in the head 10 to 20 times, repeatedly telling her he was going to kill her. S.B. yelled for help. In response, C.C. came out of her bedroom and down the hallway. C.C. saw her father hitting her mother on the head with the car and her mother on the ground, trying to block his hits. C.C. returned to the bedroom to get her sister, A.C. A.C. then came out of the bedroom and took her father off her mother.

As A.C. removed her father, S.B. and C.C. left out the front door. S.B. was able to get outside where A.C. and a neighbor each spoke to a 911 operator. Police officers Lewis and Wilkinson then arrived on the scene and saw S.B.

sitting on the front steps of the apartment with blood coming from her face. S.B. directed the officers to the apartment, Carrillo allowed the officers inside, and they arrested Carrillo.

The State charged Carrillo with assault in the second degree and felony harassment. Before trial, the State asked to admit at trial evidence of a 2015 incident where Carrillo strangled and threatened to kill S.B. to show the victim's reasonable fear element of felony harassment. The trial court admitted the evidence for this purpose and gave the jury a limiting instruction. It excluded other evidence of a number of other prior bad acts by Carrillo against S.B.

The State asked the court to exclude a part of A.C.'s 911 call where she said that "this has never happened before" and that the police had not visited their house before. The court agreed with the State that this part of her 911 call was not relevant and excluded it.

Carrillo then sought to exclude the 911 call from the neighbor. The court allowed a recording of the call. It reasoned that the statements were nontestimonial and fit within a hearsay exception.

At trial, Officer Lewis testified to the following:

Q. [Prosecutor] And was he also provided with the Miranda warnings?
A. [Officer Lewis] Yes, I read him his Miranda warnings from a department issued card.
Q. Okay. And after that, what happens next?

-3-

A.     He said that he invoked his Miranda rights.

Q.     I'm going [to] ask you—just ask us to move on from that.

After this exchange, the court instructed the jury to "disregard the witness's answer that the defendant invoked his Miranda rights."

The jury found Carrillo guilty as charged. Carrillo appeals.

## ANALYSIS

### Admission of Evidence

*ER 404(b) Evidence*

Carrillo contends that the trial court abused its discretion under ER 404(b) when it admitted evidence that he strangled S.B. about one year earlier. Carrillo claims that the State did not show how this prior bad act tended to prove her reasonable fear.

Interpretation of an evidentiary rule presents a question of law that we review de novo.[2] We review the trial court's decision to admit evidence under ER 404(b) for an abuse of discretion.[3] A court abuses its discretion when it exercises it on untenable grounds or for untenable reasons.[4]

ER 404(b) prohibits evidence of prior bad acts to show the defendant's character or propensity to commit crimes.[5] But evidence of prior bad acts may

---

[2] State v. DeVincentis, 150 Wn.2d 11, 17, 74 P.3d 119 (2003).
[3] DeVincentis, 150 Wn.2d at 17.
[4] State v. Vy Thang, 145 Wn.2d 630, 642, 41 P.3d 1159 (2002).
[5] State v. Lough, 125 Wn.2d 847, 862-63, 889 P.2d 487 (1995).

be admitted for other purposes.[6] To prove felony harassment, the State must establish that the victim had a reasonable fear that the attacker would carry out his attack.[7] If a party wants to introduce a prior bad act for a purpose other than for propensity, the trial court must (1) find by a preponderance of the evidence that the misconduct occurred, (2) identify the purpose for admitting the evidence, (3) determine whether the evidence is relevant to an element of the current charge, and (4) find that the probative value of the evidence outweighs its prejudicial effect.[8]

The trial court must conduct this analysis on the record.[9] In doubtful cases, the trial court should exclude the evidence.[10] If the court admits the evidence, it must also give a limiting instruction to the jury.[11] If the trial court gives a limiting instruction, we presume that jurors have followed that instruction, absent evidence proving the contrary.[12]

S.B. testified to a prior event when Carrillo squeezed her neck "very hard" and she had difficulty breathing. The court could reasonably conclude that the

---

[6] State v. Ragin, 94 Wn. App. 407, 411, 972 P.2d 519 (1999).
[7] State v. C.G., 150 Wn.2d 604, 612, 80 P.3d 594 (2003).
[8] State v. Saltarelli, 98 Wn.2d 358, 362-63, 655 P.2d 697 (1982).
[9] State v. Smith, 106 Wn.2d 772, 776, 725 P.2d 951 (1986) (citing State v. Jackson, 102 Wn.2d 689, 694, 689 P.2d 76 (1984)).
[10] Smith, 106 Wn.2d at 776.
[11] State v. Foxhoven, 161 Wn.2d 168, 175, 163 P.3d 786 (2007).
[12] State v. Montgomery, 163 Wn.2d 577, 596, 183 P.3d 267 (2008).

prior incident showed S.B. reasonably feared Carrillo would carry out his threat. It considered all of the prior misconduct evidence and the parties' arguments on the record. The court conducted the four-step ER 404(b) analysis in light of the evidence of prior acts being offered for an alternative purpose. It found by a preponderance of the evidence that the prior misconduct occurred, it was relevant about S.B.'s reasonable fear, and it was highly probative. Because demonstrating that S.B. had a reasonable fear that Carrillo would carry out his threat to kill her is a critical element of the crime charged—felony harassment—the court acted within its discretion to find that its probative value outweighed its possible prejudicial effect.[13] Also, the trial court gave the jury an appropriate limiting instruction based on the testimony. It instructed the jury to consider the prior bad act only for the purpose of determining whether Carrillo "placed [S.B.] in reasonable fear that the alleged threat to kill . . . would be carried out."

Carrillo further claims that because S.B. never testified whether or not this prior event specifically made her reasonably believe Carrillo's threat to kill, the State did not establish the requisite nexus. However, Carrillo provides no supporting authority that this testimony is required before a court may admit

---

[13] C.G., 150 Wn.2d at 612.

evidence of prior acts for this purpose.[14]  So the trial court did not abuse its discretion in admitting the evidence of the strangulation under ER 404(b).

*Excluded Evidence*

Carrillo next contends that the trial court erred in excluding part of a 911 call made by A.C.  He claims that the excluded portion of the call was relevant to his defense because it countered S.B.'s claim that Carrillo assaulted her in the past.  He further claims that the trial court violated his constitutional right to present a full defense by excluding the evidence.

We review a trial court's decision to exclude evidence for abuse of discretion.[15]  "State courts have broad latitude under the Constitution to establish rules excluding evidence from criminal trials."[16]  While the Sixth Amendment grants a criminal defendant the right to present his defense,[17] this right extends only to "'relevant evidence that is not otherwise inadmissible.'"[18]  "[A] criminal

---

[14] State v. Logan, 102 Wn. App. 907, 911 n.1, 10 P.3d 504 (2000) ("'Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.'") (quoting DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962)).

[15] State v. Atsbeha, 142 Wn.2d 904, 913-14, 16 P.3d 626 (2001).

[16] State v. Donald, 178 Wn. App. 250, 263, 316 P.3d 1081 (2013) (citing United States v. Scheffer, 523 U.S. 303, 308, 118 S. Ct. 1261, 140 L. Ed. 2d 413 (1998)), review denied, 180 Wn.2d 1010 (2014).

[17] Washington v. Texas, 388 U.S. 14, 23, 87 S. Ct. 1920, 18 L. Ed. 2d 1019 (1967).

[18] State v. Mee Hui Kim, 134 Wn. App. 27, 41, 139 P.3d 354 (2006) (quoting State v. Rehak, 67 Wn. App. 157, 162, 834 P.2d 651 (1992)).

defendant has no constitutional right to have irrelevant evidence admitted in his or her defense."[19]

"The threshold to admit relevant evidence is very low."[20] Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[21] Relevant evidence may still be deemed inadmissible if the State can show the evidence is "so prejudicial as to disrupt the fairness of the fact-finding process at trial."[22] If the State establishes that the evidence would have a prejudicial effect, the prejudice from admission must be balanced against the defendant's need for the information sought.[23]

A.C. stated in the 911 call that "this has never happened before" and that the police had never visited their house. S.B. testified that neither of her children witnessed the prior incident, nor did they have information about it. Because A.C. had no knowledge of any prior assaults, the excluded evidence did not have "any tendency" to make the prior assault "more probable or less probable than it

---

[19] State v. Hudlow, 99 Wn.2d 1, 15, 659 P.2d 514 (1983).
[20] State v. Darden, 145 Wn.2d 612, 621, 41 P.3d 1189 (2002).
[21] ER 401.
[22] Darden, 145 Wn.2d at 622.
[23] Darden, 145 Wn.2d at 622.

would be without the evidence."[24] During an evidentiary hearing, the trial court found that A.C.'s statements were not relevant to any issue in the case.

The trial court did not abuse its discretion in excluding A.C.'s statements and did not violate Carrillo's constitutional right to present a full defense.

### Admission of the 911 Tape

Carrillo next claims that the trial court abused its discretion by admitting the neighbor's 911 call. Namely, he claims that the neighbor's statements do not qualify under the present sense impression exception to the hearsay rule because (1) the caller was responding to questions from the operator and (2) she did not personally perceive what she was reporting. We disagree.

We review admission of evidence under hearsay exceptions for abuse of discretion.[25] "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."[26] Hearsay is inadmissible unless it falls under an exception to the hearsay rule.[27] In instances of multiple hearsay, each level of hearsay must be independently admissible.[28]

---

[24] ER 401.
[25] Brundridge v. Fluor Fed. Servs., Inc., 164 Wn.2d 432, 450, 191 P.3d 879 (2008).
[26] ER 801(c).
[27] ER 802.
[28] ER 805.

Present sense impression and excited utterance are two exceptions to the hearsay rule.[29] A present sense impression is "[a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter."[30] An excited utterance is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."[31]

Here, the 911 caller stated that "there's a female outside yelling that she got hit" and "she's outside and she's screaming that she needs help because somebody hit her."

Statements made in response to an operator's questions do not disqualify these statements as present sense impressions.[32] So long as the responses are describing or explaining an event or condition as the speaker is perceiving it, the statements can show a present sense impression.[33]

Carrillo cites State v. Martinez[34] to support his claim that statements made in response to questions by an operator do not qualify as present sense

---

[29] ER 803.
[30] ER 803(a)(1).
[31] ER 803(a)(2).
[32] State v. Robinson, 189 Wn. App. 877, 889, 359 P.3d 874 (2015) (explaining how statements made from a 911 caller in response to an operator's questions were present sense impressions).
[33] ER 803(a)(1).
[34] 105 Wn. App. 775, 784, 20 P.3d 1062 (2001).

impression. However, the facts in Martinez differ significantly from this case. In Martinez, an informant made statements to police about an undercover drug operation.[35] The court noted that the statements were not a present sense impression because they were inconsistent and were "an inadmissible statement of memory or belief."[36]

Here, the court played the 911 tape and heard the speaker reporting the event as it happened. Carrillo does not challenge the accuracy of the statements, unlike in Martinez. So the fact that the speaker was responding to the operator's questions does not prevent the statements from qualifying as a present sense impression.

Next, Carrillo's claim that the statements do not qualify as present sense impression because the speaker did not personally perceive what she was reporting is without merit. The 911 call included statements that qualify under the hearsay-within-hearsay exception. The trial court correctly identified S.B.'s statements as excited utterances and the caller's statements as a present sense impression. The court did not abuse its discretion in admitting the evidence.

---

[35] Martinez, 105 Wn. App. at 784.
[36] Martinez, 105 Wn. App. at 784.

Right Against Self-Incrimination

Carrillo contends the court violated his Fifth Amendment right to remain silent when Officer Lewis testified during trial that Carrillo "invoked his Miranda rights" after the State asked what happened after he read Carrillo his rights. Carrillo claims that the question and answer had no purpose other than to inform the jury that he refused to talk to police.

The Fifth and Fourteenth Amendments to the United States Constitution and article I, section 9 of the Washington Constitution protect a defendant's right against self-incrimination.[37] "In the postarrest context, it is well-settled that it is a violation of due process for the State to comment upon or otherwise exploit a defendant's exercise of his right to remain silent."[38] A police witness may not comment on the defendant's silence in a way that infers guilt from the defendant's refusal to answer questions.[39] If, during trial, the State or an officer directly comments on a suspect's right to remain silent, we must determine whether the error was harmless beyond a reasonable doubt.[40] It is harmless

---

[37] State v. Easter, 130 Wn.2d 228, 238, 922 P.2d 1285 (1996).
[38] State v. Romero, 113 Wn. App. 779, 786-87, 54 P.3d 1255 (2002) (citing Doyle v. Ohio, 426 U.S. 610, 619, 96 S. Ct. 2240, 49 L. Ed. 2d 91 (1976); State v. Fricks, 91 Wn.2d 391, 395-96, 588 P.2d 1328 (1979)).
[39] State v. Lewis, 130 Wn.2d 700, 705, 927 P.2d 235 (1996).
[40] Romero, 113 Wn. App. at 790.

beyond a reasonable doubt if any reasonable jury would reach the same result absent the error.[41]

Officer Lewis testified that Carrillo invoked his Miranda rights. So his testimony is a direct comment on Carrillo's silence and is improper.[42]

After Officer Lewis stated that Carrillo invoked his Miranda rights, the State immediately stated that they should "move on from that" and the court instructed the jury to disregard the comment. Also, Carrillo's two daughters witnessed the assault. Carrillo admitted and apologized to his daughters after the assault. When the officers entered the apartment, Carrillo told them on the scene, "I'm sorry." After the officers entered the apartment, they witnessed drops of blood in the entryway and the weapon. Given the overwhelming evidence in this case, a reasonable jury would have reached the same result absent Officer Lewis's comment. Although Officer Lewis made an improper comment on Carrillo's invocation of his right to silence, the error was harmless beyond a reasonable doubt.

*Cumulative Error*

Carrillo asserts that cumulative error exists and warrants reversal. A defendant may be entitled to a new trial if cumulative errors exist to deny the

---

[41] Easter, 130 Wn.2d at 242.
[42] Romero, 113 Wn. App. at 791.

defendant a fair trial.[43]   The only error that occurred in this case was testimony on Carillo's invocation of his right to silence.   Without additional errors, there cannot be cumulative error.   Carrillo is not entitled to a new trial.

## CONCLUSION

We affirm.   Because the State used prior misconduct to prove an element of the charged crime, the court conducted a 404(b) analysis, and the court gave a limiting instruction, Carrillo fails to establish that the court abused its discretion when it admitted the prior misconduct evidence.   And the trial court did not abuse its discretion by excluding A.C.'s statements or admitting a 911 call as a present sense impression.   Finally, while Officer Lewis did comment on Carrillo's right to remain silent, this error was harmless beyond a reasonable doubt and no cumulative error exists.

_Leach, J._

WE CONCUR:

_____

_Chun, C.J._

---

[43] State v. Saunders, 120 Wn. App. 800, 826, 86 P.3d 232 (2004).